UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL MITCHELL, | ) | CASE NO. 1:05 CV0826 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 29, 2005, pro se petitioner Michael Mitchell filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the United States of America. Mr. Mitchell, who is currently serving an 240 month prison term in FCI Elkton, claims that the district court that sentenced him was without jurisdiction to enhance his sentence pursuant to 21 U.S.C. § 851.

*Background*

Mr. Mitchell was indicted with two co-defendants in the United States District Court for the Northern District of Ohio on January 24, 1995. (United States v. Murray, No. 5:95cr0038, filed Jan. 24, 1995). The two count indictment charged him with possessing with intent to distribute

crack cocaine in violation of 21 U.S.C. § 841(a)(1) and traveling in interstate commerce with intent to promote unlawful activity in violation of 18 U.S.C. §§ 1952 and 2. Mr. Mitchell pleaded not guilty to the charges and a jury trial was held. The jury ultimately convicted Mr. Mitchell of both counts on March 30, 1995. Judge Sam Bell sentenced him on May 30, 1995 to a concurrent 240 month term for Count 1 and a 60 month term for Count 2, to be followed by 10 years of supervised release.

A notice of appeal was filed by Mr. Mitchell on June 12, 1995 wherein he argued that the police lacked probable cause to stop the vehicle he was traveling in when he was arrested and that the drug dog used to detect the presence of narcotics in the vehicle was unreliable. The Sixth Circuit Court of Appeals affirmed his conviction on March 29,1996 in an unreported opinion. United States v. Mitchell, 81 F.3d 162 (6th Cir. 1996).

*Analysis*

In his present petition, Mr. Mitchell asserts that the court was without jurisdiction to enhance his sentence based on prior conviction pursuant to 21 U.S.C. § 851. An enhancement information charging prior convictions was filed by the government on March 27, 1995. Mr. Mitchell claims, however, that after the information was filed the court failed to inquire whether he "affirmed or denied" that he had been previously convicted as alleged in the information. See 21 U.S.C. § 851(b). He maintains that the inquiry is mandatory and, therefore, the court's alleged error is, unlike United States v. Forest, 355 F.3d 942 (6th Cir. 2004) or United States v. Hill, 142 F.3d 305 (6th Cir. 1998), more than harmless. He complains, further, that the court's error and its failure to notify him that any challenge to a prior conviction must be made before sentencing are jurisdictional defects on which he can never procedurally default. In support of his position he cites United States v. Griffin, 303 U.S.

226 (1938) and Hertz v. Alamo Rent-A-Car, Inc. 16 F.3d 1126 (11th Cir. 1994).

*28 U.S.C. § 2241*
*In Personam Jurisdiction*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Although this court has personal jurisdiction over Mr. Mitchell's custodian, it still lacks subject matter jurisdiction over the petition.

*Federal Habeas Corpus Petitions*
*Lack Subject Matter Jurisdiction*

Before the court can address the merits of Mr. Mitchell's petition, the question of whether his claim is properly raised in a § 2241 habeas petition must be determined. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 122 S.Ct. 493 (2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998).

If it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test

the legality of his detention," however, § 2255 does provide a safety valve wherein a federal prisoner may challenge his conviction or the imposition of his sentence pursuant t § 2241. United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. See Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (amending 28 U.S.C. § 2255) ("AEDPA"). Although the Sixth Circuit has not determined the exact scope of the savings clause, it appears that a prisoner must at least show factual innocence. See Charles, 180 F.3d at 757.

With regard to the present case, Mr. Mitchell does not assert that he is "actually innocent" of the conviction he seeks to vacate, but that he is innocent of the prior conviction which the court used to enhance his sentence under § 851. Further, he does not aver that this court has habeas corpus jurisdiction under the savings clause because his remedy under § 2255 is inadequate or ineffective. Instead, he notes that his claims are "procedurally defaulted" and argues that Kelly v. United States, 29 F.3d 1107 (7th Cir. 1994) and Harris v. United States, 149 F.3d 1304 (11th Cir. 1998) support the proposition that § 851 challenges involving matters over which the court lacks jurisdiction may proceed without regard to whether they are procedurally defaulted. Notwithstanding the fact that Kelly was overruled by United States v. Ceballos, 302 F.3d 679 (7th Cir. 2002), which held that the procedural requirements of § 851 compelling the government to file an information notifying the defendant prior to trial of its intent to seek an enhanced sentence based on defendant's prior convictions is not jurisdictional, and Harris does not apply to the facts of this case, Mr. Mitchell has not

4

demonstrated that his remedy under § 2255 is inadequate or ineffective.

A federal prisoner may not challenge his sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles, 180 F.3d at 755-56; Capaldi, 135 F.3d at 1123. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). Without an allegation that his remedy under § 2255 is inadequate or ineffective for reasons other than those prohibited by the courts, Mr. Mitchell is not entitled to habeas relief from this court pursuant to 28 U.S.C. § 2241.

This court cannot construe this as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. In re Shelton, 295 F.3d 620, 622 (6th Cir.2002).[1] Further, transferring the case to the Sixth

---

[1]In Shelton the Sixth Circuit held that, with regard to pro se litigants in particular, "district courts
(continued...)

Circuit is not consistent with the court's decision in In re Sims, 111 F.3d 45 (6th Cir.1997). See In re Walker, No. 00-5262, 2000 WL 1517155, at *1 (6th Cir. Aug. 4, 2000.).[2]     Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

Dated: July 8, 2005                                        s/    James S. Gwin
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE

---

[1](...continued)
should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

[2]Under Sims, the Sixth Circuit ruled that district courts should transfer cases to this court whenever prisoners seek to file a second or successive habeas petition or motion to vacate, so this court can consider granting the prisoner permission to file the second or successive application under 28 U.S.C. §§ 2244 or 2255. See In re Sims, 111 F.3d at 47. However, Sims does not apply to this case, because the gatekeeping provisions of §§ 2244 and 2255 only apply to second and successive applications for relief under 28 U.S.C. §§ 2254 and 2255, and not to applications for habeas corpus relief under 28 U.S.C. § 2241. See United States v. Barrett, 178 F.3d 34, 42 (1st Cir.1999); Valona v. United States, 138 F.3d 693, 694-95 (7th Cir.1998); see also Felker v. Turpin, 518 U.S. 651, 658 (1996) (gatekeeping provisions do not apply to § 2241 habeas corpus petitions that may be filed as original actions in Supreme Court).